MESHECK B. OUTLAW, plaintiff in error, vs. JOHN H. GIL-
MER, defendant in error.

The Court has no authority to make the Sheriff, special bail in Trover, founded
on the Act of 1821.

Bail Trover, in Lee Superior Court. Decision by Judge
ALLEN, at September Term, 1858.

Outlaw brought his action of trover against Gilmer, for
two negro slaves, returnable to the Superior Court of Lee
county, to be held on the fourth Monday in September, 1858.
The statutory affidavit for holding the defendant to bail was
made and filed, and the papers placed in the hands of the
Sheriff.

At the Term of the Court to which the writ was returna-
ble, the plaintiff took a *rule nisi* against the Sheriff, to show
cause why he should not be made and held special bail in
the case; the rule reciting that he had failed to take bond
and security of the defendant as required by law.

The Sheriff answered, that he arrested the defendant on
the 10th day of September, and detained him in custody un-
til the 17th, when the jail fees not being paid or secured by
the plaintiff, who resided out of the county, the defendant
was discharged from custody by the Justices of the In-
ferior Court. That defendant was now in the county, and
had been in attendance upon the Court, and that respondent
is ready to rearrest him if the Court shall order, &c.

Upon this return of the Sheriff, the Court refused to make
the rule absolute, and counsel for plaintiff excepted.

VASON & DAVIS; McCAY & HAWKINS, for plaintiff in er-
ror.

WARREN & WARREN, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The action was founded on the second section of the Act of 1821, " to quiet and protect the possession of personal property, and to prevent taking possession by fraud or violence;" (*Pr. Dig.* 449;) and there is nothing.in that Act, authorizing the making of the Sheriff, special bail, in any case. There is nothing in any statute, or in the common law, so far as we know, that authorizes the making of the Sheriff, special bail in such a case as the present; a case in trover, and, in trover under the Act of 1821.

The Judiciary Act provides for the making of the Sheriff special bail, in the cases of bail which it authorizes, but those cases are cases of contract, not, cases of trover.

For aught that we can see, then, the Court below was right, in discharging the *rule nisi*, against the Sheriff. But it is not to be inferred from this, that we think the Sheriff, not liable in any form. What we may think on that question will be expressed when it comes up.

Judgment <em>affirmed.</em>

McDONALD J. absent.